**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHRISTOPHER MATTHEW MILES,**

    **Plaintiff,**

vs.                                    **CASE NO. 4:24-CV-00021-AW-MAF**

**LEON COUNTY SHERIFF'S DEP'T,**
**et al.,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Matthew Miles, a pretrial detainee currently housed at Florida State Hospital (FSH) and proceeding *pro se*, initiated a civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff filed an incomplete motion to proceed *in forma pauperis* (IFP) and did not pay the filing fee. This Court screened Plaintiff's original complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found the complaint was legally insufficient as filed. ECF No. 4. The Court construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and advised Plaintiff his complaint would likely be dismissed if he did not correct the deficiencies and if he did not file an IPF motion or pay the filing fee. See ECF Nos. 4 and 6.

The Court gave Plaintiff until **March 18, 2024**, to comply but Plaintiff did not do so. ECF No. 6. For the reasons stated it is recommended that the complaint be dismissed and the case be closed.

## I.  Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). A brief discussion of the procedural history is warranted.

## II. Procedural History

Plaintiff initiated this case with a complaint against multiple defendants. ECF No. 1. The Court found the complaint legally insufficient and gave Plaintiff until February 29, 2024, to amend the complaint and provided him with the proper form. ECF No. 4. Plaintiff then filed a letter with the heading, "Motion for IFP extension or extension of payment." ECF No. 5.

There was no case style on the filing.[1] Plaintiff stated he "would like an extension on the IFP motion and/ or filing fee" and listed the present case number. Id. The Court struck the filing as improper. ECF No. 6. Nonetheless, the Court extended Plaintiff's deadline until March 18, 2024. Id. Plaintiff's latest filing is an amended complaint. ECF No. 7.

### III.  Plaintiff's Amended Complaint, ECF No. 7.

Plaintiff sued the Leon County Sheriff's Department, Leon County Jail, and Leon County Court, solely in their individual capacities. ECF No. 7, pp. 2-3. Plaintiff claims that, on December 28, 2021, he was falsely arrested for an incident where "[he] was the victim." Id., p. 5. Officer Ellington was the arresting officer but did not witness the alleged incident. Id. Plaintiff states that Officer Ellington was aware of the injuries he sustained at the scene but did not allow him to receive medical care. Id. Plaintiff asserts that once he was at Leon County Jail, multiple officers and a nurse failed to treat his injuries. Id. Plaintiff does not state any names. Plaintiff maintains that after three months in jail, his shoulder was broken; and he still had not received proper care. Id., p. 6.

---

[1] Notably, the Court also provided Plaintiff with similar advisements on the proper course of proceeding in federal cases in its orders in multiple pending cases: N.D. Fla. Nos. 4:23- cv-00531-AW-MAF, Miles v. Davis, et al.; 4:23-cv-00534-AW-MAF, Miles v. Patent Professors, et al.; and 4:24-cv-00026-MW-MAF, Miles v. Tallahassee Police Department, et al.

Plaintiff further claims that since leaving Leon County Jail, he was arrested three times for the same crime by the "Leon County Courts and Joshua Hawkins." Id. Presumably, Plaintiff is referring to the Honorable Joshua Hawkes, Circuit Judge of the Second Judicial Circuit. Plaintiff states that Judge Hawkes ordered Plaintiff's arrest on three occasions for failure to comply with court obligations although Plaintiff "never" received "pretrial orders from him." Id.

Plaintiff alleges false arrest, "slander," medical malpractice, and false imprisonment. Id., p. 7. Plaintiff seeks $50,000,000 from the Leon County Sheriff's Department for "false arrest and refusing to let [an] ambulance treat [him] and his broken shoulder;" $50,000,000 from Leon County Jail for medical malpractice and false imprisonment; and $60,000,000 against Leon County Courts for double jeopardy, false imprisonment, and slander.

## IV. Discussion

Plaintiff had multiple opportunities to amend his complaint to correct the deficiencies this Court identified, but he did not do so. ECF No. 7. Each deficiency is discussed below.

### A. Plaintiff's Complaint is Shotgun Pleading

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." LaCroix v. W. Dist. Of Ky., 627 F. App'x 816, 818 (11th Cir. 2015) (citing Fed. R. Civ. P. 10(b)).

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015)). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" and district courts have "'the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Id. Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed. In Weiland, supra, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." 792 F.3d at 1321.

The most common type of shotgun pleadings are complaints

"containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. Next, are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id., at 1322. Third, are complaints that do not separate "into a different count each cause of action or claim for relief." Id., at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Plaintiff's amended complaint is a shotgun pleading because Plaintiff does not properly attribute any acts or omissions to the Defendants. ECF No. 7. Plaintiff states conclusory, vague, and immaterial facts that are insufficient to state a constitutional claim. Id., p. 2. The legal conclusions and vague facts in the complaint remain. Plaintiff cannot simply "plead the bare elements of [a] cause of action," he must provide facts, which presents a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010). Plaintiff fails to plead any facts that substantiate his vague proclamations of being violated. Therefore, Plaintiff's amended complaint is subject to dismissal.

Furthermore, Plaintiff was previously advised that his claim would most likely fail under a theory of *respondeat superior*. "(L)iability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. denied, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted).

Here, Plaintiff identified Officer Ellington but does not allege any facts involving the Leon County Sheriff's Office. Plaintiff does not attribute any acts or omissions to the jail or the court either. Plaintiff claims Judge Hawkins ordered his arrest, but Plaintiff did not name Judge Hawkins as a defendant in this case. Similarly, Plaintiff claims that officers and a nurse denied him

medical treatment for his shoulder, but no officer or nurse is named as a defendant in this case. Not only did Plaintiff fail to allege sufficient facts against the Defendants, but he fails to allege that there is a policy or custom within any of these organizations that led to a constitutional violation.

Plaintiff had multiple opportunities to amend his complaint to cure the deficiencies identified by the Court, but he did not. Plaintiff has absolutely failed to cure any of the deficiencies with his latest improper filing.

B. <u>Plaintiff Did Not File an IFP Motion and Did Not Pay the Filing Fee</u>

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Clerk of Court provided Plaintiff with the proper form. ECF No. 4. The Court directed Plaintiff to either complete the IFP application and submit the supporting inmate account statements or pay the $405 filing fee. <u>Id.</u>, p. 2. The Court advised Plaintiff multiple times that his case would not proceed without a proper IFP application or payment of the fee. <u>See</u> ECF Nos. 4 and 6. Plaintiff did not comply.

C. <u>Failure to Follow Court Orders</u>

Case No. 4:24-cv-00021-AW-MAF

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

As previously stated, Plaintiff had until March 18, 2024, to comply but has not done so. ECF No. 6. Plaintiff's response was to file an amended complaint that failed to cure the deficiencies identified by the Court. ECF No. 7. Such defiance to this Court's order need not be tolerated. Id. Dismissal is appropriate.

## V. Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** for failure to comply with court

orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 28th day of March, 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).